Dewey Wilson and Margarette M. Wilson, et al.,[1] Petitioners *v.* Commissioner of Internal Revenue, Respondent

Docket Nos. 7611–74, 5720–75, 5773–75.    Filed August 10, 1981.

*F. Thomas Huster,* for the petitioners.
*Eugene H. Ciranni,* for the respondent.

---

[1]Cases of the following petitioners have been consolidated herewith: Margarette M. Wilson, docket No. 5720–75; and Dewey Wilson, docket No. 5773–75.

SUPPLEMENTAL FINDINGS OF FACT AND OPINION

GOFFE, *Judge*: On April 21, 1981, we filed our Findings of Fact and Opinion (76 T.C. 623 (1981)) in which we upheld with a minor modification the Commissioner's reconstruction of petitioners' gross incomes for the years 1969 through 1972; held, that respondent failed to prove that petitioner Dewey Wilson filed a fraudulent return for 1971; and held, that petitioners filed a fraudulent return for 1972. We based our holding as to Dewey's fraud for 1971 in part upon respondent's failure to prove when Dewey's 1971 return was filed, because there were intervals after July 30, 1972, during which Dewey was very possibly incapable of forming the mens rea required for fraud, i.e., the specific intent to evade a tax believed to be owing.

On July 27, 1981, respondent filed with this Court a motion to reconsider and revise our opinion of April 21, 1981. For the reasons stated below in the opinion portion, we accordingly find the following facts which supersede those found April 21, 1981, to the extent they are inconsistent therewith.

FINDINGS OF FACT

Dewey filed a Federal income tax return for his 1971 taxable year on or before April 10, 1972.

OPINION

In our prior opinion, at page 635, we pointed out that the copy of Dewey's return received in evidence bears no filing stamp and concluded that there was no evidence as to when the return was filed, in particular, there was no evidence that the return was not filed after July 30, 1972, when Dewey contracted viral encephalopathy and could very well have been incapable of forming fraudulent intent.

However, respondent points out in his motion that it was the practice of the Internal Revenue Service in 1972, as set out in section 334–707.03(3)(1)2 of the Internal Revenue Manual (1972), to *not* stamp "timely filed" Forms 1040. In addition, there are two document locator numbers (DLNs) on Dewey's 1971 return. The first DLN, stamped in the upper right corner, is 94–2–12–101–52655. This DLN was crossed out with a red marker and a second DLN was stamped in the upper central portion of the return, 94–2–47–169–61728. Internal Revenue Manual section 334–707.44(6), as in effect for 1972, shows that these numbers actually carry much meaning. The first two

digits, 94, indicate that the return is a San Francisco District return. The third digit, 2, signifies that the return is an individual income tax document. The fourth and fifth digits of the first DLN, 12, reveal that the return was fully paid. The sixth, seventh, and eighth digits of the first DLN, 101, mean that the tax shown as due on the return was deposited by the Internal Revenue Service to its bank account on Monday, April 10, 1972, which was the 101 day of 1972.

The fourth and fifth digits of the second DLN, 47, indicate that the return was forwarded to the Examination Division. The date of Saturday, June 17, 1972 (sixth, seventh, and eighth digits, 169), was assigned by the Service Center as a control date for the transfer to the Examination Division, although the transfer actually occurred some time during the following week.

This Court shall take judicial notice of a fact if requested to do so by a party and if supplied with the necessary information. Fed. R. Evid. 201(d). Judicial notice may be taken at any stage of the proceeding. Fed. R. Evid. 201(f). We hereby take judicial notice of the above-cited portions of the Internal Revenue Manual and accordingly conclude that Dewey filed his return prior to July 30, 1972, and, therefore, was capable of forming a fraudulent intent at the time of filing. We hold respondent has proven by clear and convincing evidence that part of Dewey's underpayment of tax for 1971 was due to fraud.

*An appropriate order will be entered.*